SUTHERLAND v. BRACE et al.

(Circuit Court of Appeals, Seventh Circuit. April 6, 1896.)

No. 256.

1. SALE—TRANSFER OF TITLE—DELIVERY.
    As between the parties, delivery is not essential to the transfer of title in a chattel. The title passes when the bargain is complete, unless, by the terms of the contract, it is not to pass until the happening of some future event.

2. REPLEVIN—WHEN MAINTAINABLE.
    Whenever, under a contract relating to chattels, the circumstances become such that the legal title and right of possession cease in one of the parties, and become vested in another, the latter, after demand and refusal, may maintain replevin, when, by statute, that form of action has been authorized in cases wherein the original taking was not wrongful. 71 Fed. 469, affirmed.

3. SAME.
    The sellers of certain logs were to have a lien for the purchase money on the lumber manufactured from the logs, and, on default by the buyers, were to have a right to take possession of the lumber on hand, sell the same, pay themselves, and turn over to the buyers any surplus. Held, that the title and right of possession to such lumber vested in the sellers upon a default, and after demand and refusal they could maintain replevin for the lumber, under the Wisconsin statute (Rev. St. Wis. c. 123). 71 Fed. 469, affirmed.

On Petition for Rehearing.

This was an action of replevin brought by H. Brace, S. H. Davis, and others against W. R. Sutherland, to recover possession of certain lumber. There was a verdict and judgment for plaintiffs, and defendant brought error. The judgment was affirmed by this court on January 6, 1896. 71 Fed. 469. Plaintiff in error has now filed a petition for a rehearing.

Tomkins & Merrill (T. A. Moran, of counsel), for plaintiff in error.
Lamoreux, Gleason, Shea & Wright, Brossard & Collignon, and Olin & Butler, for defendants in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

SHOWALTER, Circuit Judge. Plaintiff in error has moved for a rehearing in this cause, and, on that motion, elaborate printed arguments have been filed and considered. The strong insistence is that the two concluding paragraphs of the contract, as quoted in the opinion of this court, create an equitable charge, in distinction from a lien at law, wherefore the action of replevin, which depends on the legal right to possession, cannot be maintained. As between the parties, a delivery is not essential to the transfer of title to a chattel, unless made so by the terms of the contract. The title passes from vendor to purchaser when the bargain is complete, unless, by the terms of the bargain, it is not to pass until the happening of some event in the future. Whenever, in view of the contract, the case stands so that the legal title and right of possession cease in one contracting party, and vest in the other, the latter, after demand by himself and refusal by the former, may maintain replevin for the chattel in question, if there be any statute authorizing that form of procedure where the original taking was not wrongful. In such case the refusal to deliver, or the persistent retention after demand, is in the nature of a wrong. The contract has so far affected the status of the chattel as to vest the plaintiff with the legal right to possession, and this right is appropriately asserted on the law side of the court, and in a trial by jury. In Benj. Sales (Ed. 1892, by the Bennetts), it is said on page 308, "In a sale of a portion of a larger mass, the whole remaining in the possession of the vendor, with a right and power in him to make a separation, both upon principle and the weight of authority, no title passes until that be done, so as * * * to enable the vendee to maintain trespass, trover, or replevin against the vendor;" meaning that, when the condition precedent to the vesting of title has been performed, replevin will lie, as a matter of course: provided, always, there be a statute authorizing replevin in a case where the original taking was not wrongful, or that at common law a wrongful detention be tantamount to a wrongful taking. Said the supreme court of Illinois in Rhea v. Riner, 21 Ill. 530:

"At the common law a delivery of possession was not necessary to pass the title to chattels from the vendor to the purchaser. To complete the purchase, and vest the title in the buyer, it was only necessary that the terms of the sale should be complete, and the property sold specified, and separated from other property of the same kind, where it was incapable of identification. When this was done by the parties the sale was complete, and the title to the property became vested in the purchaser."

In that case plaintiff and defendant agreed to swap horses. The former delivered his to the latter. The animal of defendant was to be delivered to plaintiff at a future day. Plaintiff made demand at the appropriate time, but defendant refused to deliver. Held, that when the demand was made the title and legal right of possession

were in plaintiff, that the detention of the animal by defendant was wrongful, and that replevin would lie. Upon the argument as addressed to this court on this motion, replevin would have been inappropriate in Rhea v. Riner. Applying the theory here urged, there was in that case merely a breach of contract. But, as understood by the supreme court of Illinois, the contract affected the status of the property, by investing the plaintiff with the legal right of possession. The retention of the animal after demand was therefore the wrong. In the case at bar, in a certain contingency,—which, according to the verdict, happened,—defendants in error were to have possession of certain lumber, already specifically set apart and identified. After taking possession, they were to sell this lumber, and pay a certain balance of the proceeds, if there should chance to be any, to plaintiff in error. To do what was contracted to be done, it was necessary that they have both the possession and the legal title. This was the sense of the contract. Therefore, when the contingency happened, namely, the default in payment by plaintiff in error, and defendants in error had signified their election to retake the property, the legal title and the legal right of possession vested in them. The retention of the property by plaintiff in error after demand for possession by defendants in error was hence wrongful, and the action of replevin was well brought. If the lumber had been delivered pursuant to the request of defendants in error it could hardly be contended that the legal title would not have been in them. The fact that defendants in error would have held the property in trust to make sale and account for the proceeds makes no difference. It is enough that they would have become vested with the legal title, and the legal right of possession. Now, as between the parties themselves, the law in the text-books is—as in Rhea v. Riner, and as already stated—that where delivery is not made a condition precedent the legal title and right of possession may vest, as the result of the contract, and if that be the sense of the contract, before delivery. In Bank v. Rogers (Sup.) 37 N. Y. Supp. 365, cited in the argument on this motion, plaintiff contracted with Sardy, Coles & Co. Thereafter, Sardy, Coles & Co. contracted with defendants, and, pursuant to that contract, transferred and delivered the goods to defendants. Defendants had made no engagement with plaintiff, and the contract between Sardy, Coles & Co. and plaintiff was not effectual, as against third parties, to vest the legal title in plaintiff. Wade v. Moffett, 21 Ill. 110. Therefore, all that the plaintiff had was no more, at most, than an equitable lien, as against defendants, and replevin could not be maintained. If, in the case at bar, plaintiff in error had alienated and delivered the lumber to a third party, and this action of replevin had been brought against such third party, the case would be like Bank v. Rogers. Statements in the books that in cases like the present no action for the recovery of a chattel can be maintained at common law are on the assumption, doubtless, that at common law replevin would not lie except where the original taking was wrongful. We do not agree with counsel for plaintiff in error that the present suit is for a mere breach of contract, or that the only right of defendants in error, as against

the property, was an equitable charge thereon. The action is grounded on the wrongful detention, as against the legal right, and the appropriate forum was a common-law court and a jury. The motion for rehearing is denied.